IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BAYLOR UNIVERSITY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 6:25-cv-00352 |
| § | |
| TRUSTEES OF BOSTON UNIVERSITY, § | |
| § | |
| § | |
| Defendant. § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,
AND FALSE DESIGNATION OF ORIGIN**

Plaintiff Baylor University ("Baylor") files this Complaint against Defendant Trustees of Boston University ("Defendant") regarding Defendant's use of an interlocking BU design, essentially identical and/or confusingly similar to Baylor's federally registered marks, and for identical or related goods and services. This lawsuit is relatively limited in scope. While Baylor does not generally object to Defendant's use of the initials "BU" in connection with its university, it does object to Defendant's adoption and use of a specific interlocking BU design that is identical or strikingly similar to Baylor's federally registered marks. As Defendant has refused to cease use and instead significantly expanded its use, Baylor now seeks Court intervention.

**PARTIES**

1. Baylor is a Texas non-profit corporation having a business address of One Bear Place #97034, Waco, Texas 76798-7034.

2. On information and belief, Boston University is a Massachusetts non-profit corporation with an address of 1 Silber Way, Boston, Massachusetts 02215.

## NATURE OF THIS ACTION - JURISDICTION OF THE COURT

3. This is an action for trademark infringement, unfair competition, and false designation of origin under the Trademark Act of 1946, as amended, 15 U.S.C. ("Lanham Act"); trademark infringement under the Texas Business and Commerce Code; and trademark infringement under Texas common law.

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

## FACTS

**A.    Baylor and Its Interlocking BU Mark**

5. Baylor is a private Christian university, nationally ranked institution, and the oldest continually operating institution of higher education in the state of Texas. Baylor was originally chartered in 1845 by the Republic of Texas and later reincorporated under the laws of the State of Texas in 1886. Baylor boasts an enrollment of over 20,000 undergraduate and graduate students, and more than 160,000 living alumni in over 100 countries.

6. Baylor provides a wide curriculum of educational services through its colleges and schools at both the undergraduate and graduate levels, including arts, sciences, business, law, nursing, education, engineering, computer science, music, social work, and theology. Baylor has attained prestigious "Research 1" status, placing Baylor among the highest tier of research universities nationwide.

7. In addition to its academic excellence, Baylor is known for leading in athletics. Since 2000, the Baylor Bears have won NCAA Division 1 national titles in men's and women's basketball, and men's tennis, as well as many conference championships in various sports.

8. Baylor's teams compete nationally.

9. Baylor draws students and faculty from across the country and the globe.

10. Since at least as early as 1912, Baylor and its licensees have frequently and continuously used the BU mark in a stylized format, in which the letters B and U interlock (the "Interlocking BU"), as shown below.



11. The Interlocking BU is one of Baylor's most recognizable identity designations for the university's educational, research, and athletics offerings.

12. Additionally, Baylor operates an extensive trademark licensing program, in which it licenses its marks under controlled conditions for use in connection with a wide range of products and services sold to the consuming public, including apparel and accessories. Examples of these products are shown below.



13. As a result of Baylor's long and extensive use of the Interlocking BU, Baylor has developed an enormous amount of goodwill, public recognition, and strong rights in those marks, which consumers have come to know and trust as symbols of quality.

14. As a result of extensive and widespread use and promotion by Baylor, the Interlocking BU has become extremely well known and widely recognized by consumers throughout the United States to indicate the source of Baylor's goods and services.

15. In addition to its extensive common law rights in the Interlocking BU, Baylor owns numerous federal trademark registrations for its mark, including but not limited to the following:

| Mark | Registration No. | Goods/Services |
|---|---|---|
| [BU logo] | 1558080 | Class 25: clothing, namely T-shirts, shorts, sweatshirts, sweaters |
| [BU logo] | 1468277 | Class 16: calendars, notebooks, decals, notecards |
| [BU logo] | 7434569 | Class 18: Duffel bags; overnight bags; travel cases; traveling bags; athletic bags; backpacks; tote bags; purses; wristlet bags, clutch bags; fanny packs; sack packs, namely, drawstring bags used as backpacks; briefcases; wallets; credit card cases and holders; identification card holders; luggage tags; umbrellas; animal leashes |
| [BU logo] | 1474216 | Class 21: cups, mugs, tumblers, and glasses |
| [BU logo] | 7503187 | Class 24: Textile tablecloths; blankets, namely, lap blankets and fleece blankets; blanket throws; blankets for outdoor use; towels; golf towels; felt pennants; cloth pennants of textile; cloth banners; fabric flags; nylon flags |
| [BU logo] | 7508097 | Class 41: Educational services, namely, conducting college level courses, and related entertainment services, namely, organizing and conducting college sports events, fine art productions, concerts, and lectures; Online journal, namely, a blog featuring articles and information regarding items of school pride in the areas of |

| | | academics, alumni achievements, athletics, faith, research, service, and student life; Electronic publications, namely, online magazines in the field of general interest; Social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members |

These registrations do not claim specific colors.

16.     Baylor also owns a Texas state registration for the Interlocking BU, covering educational services in Class 41 (Texas Reg. No. 4375517) registered on July 27, 1984. Copies of Baylor's federal and state registration certificates as cited above are attached as **Exhibit A**.

**B.     Defendant and its Marks**

17.     Defendant is an institution of higher education based in Boston, Massachusetts.

18.     While Defendant's initials are "BU," Defendant has primarily and historically used stylized marks that display the letters side-by-side, and Baylor does not object to this use. Examples are shown below:

   

19.     As discussed herein, Defendant recently commenced use of an interlocking BU design that is essentially identical to Baylor's registered Interlocking BU. While Baylor has objected, Defendant's use has only expanded.

**C.     Defendant's Opposition and the Parties' Agreement**

19.     In 1987, Baylor applied to register the Interlocking BU in class 25. Defendant opposed the application. The schools subsequently entered into a coexistence agreement in 1988 relating to their respective uses of "BU" (the "Agreement").

20.     The Agreement acknowledges that the parties must be able to coexist by using the letters "BU" for their respective universities, explaining, "[u]se of a school's initials to refer to the

5

school is commonplace and it would greatly harm Boston University and Baylor University if they were prohibited from using 'BU' in connection with services and on products intended to permit members of the public to express their allegiance to the respective schools…."

21. On information and belief, Defendant has primarily used the initials "BU" side by side on a horizontal plane for many years. Baylor does not object to such a side-by-side stylization, understanding it to be consistent with the Agreement. The Agreement reflects the parties' agreement to coexist with the initials "BU" and created no right of use of an identical interlocking BU stylized mark for Defendant.

22. Defendant subsequently withdrew its opposition to Baylor's application for the Interlocking BU and the proceeding was dismissed with prejudice.

**D.    Defendant's Infringing Acts**

23. Baylor then became aware of Defendant's use of an essentially identical and/or confusingly similar interlocking BU in connection with the promotion and sale of three hat styles through its "BU Campus Store Spirit Shop," in 2018.

24. When Defendant's use later appeared to be expanding, Baylor communicated its objection to Defendant in or around December 2021.

25. However, Defendant did not cease use of its interlocking BU mark after Baylor's objection in 2021.

26. Rather, its use has continued to expand, and a very large number of such goods now appears on the Defendant's website. Examples of these products are shown below.



27.     Indeed, Defendant now uses an interlocking BU in connection with its club sports, including women's rugby, sailing, men's volleyball, and cycling, and the logo appears on its branding guidelines. Examples of such uses are included below.





28.     Defendant's interlocking BU mark is essentially identical and/or confusingly similar to Baylor's federally registered Interlocking BU.

29.     Defendant's goods and services are similar or related to the goods and services for which Baylor has used and registered its Interlocking BU.

30.     Defendant's goods and services travel in the same or similar channels of trade as Baylor's goods and services and are or will be purchased and used by the same or similar types of consumers who purchase and use Baylor's goods and services, including some of the same websites.

31.     Defendant is not affiliated with or sponsored by Baylor, and Baylor has not authorized Defendant to use an interlocking BU mark, or any confusingly similar marks.

32.     Baylor has notified Defendant of its trademark rights and has attempted to resolve this dispute prior to filing this lawsuit. Indeed, Baylor has made clear that, consistent with the parties' 1988 agreement, its objection is not to Defendant's use of the initials BU alone, but rather Defendant's use of an interlocking BU design. However, Defendant has refused to cease use and has in fact expanded its use.

### E.     Effect of Defendant's Activities

33.     Defendant's unauthorized use of an interlocking BU mark is likely to cause confusion, to cause mistake, or to deceive consumers and potential consumers of the parties as to some affiliation, connection, or association of Defendant or its offerings with Baylor, or as to the origin, sponsorship, or approval of Defendant's goods or services by Baylor.

34.     Defendant's unauthorized use of an interlocking BU mark falsely designates the origin of Defendant's goods and services and falsely suggests a connection with Baylor.

35.     Defendant's unauthorized use of an interlocking BU mark enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Baylor over the years, and to gain acceptance for its goods and services not solely on his own merits, but on the reputation and goodwill of Baylor, its Interlocking BU, and Baylor's products and services.

36.     Defendant's unauthorized use of an interlocking BU mark removes from Baylor the ability to control the nature and quality of products and services provided under its Interlocking BU and places Baylor's valuable reputation and goodwill in the hands of Defendant, over whom Baylor has no control.

37.     Unless these acts of the Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Baylor and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

38. Baylor repeats the allegations above as if fully set forth herein.

39. Baylor has priority over Defendant based on its first use in commerce and/or the filing dates for its trademark applications, subsequently registered, that predate Defendant's use.

40. Defendant's use of an interlocking BU logo in connection with the sale or offering of sale of goods and services is likely to cause confusion among consumers.

41. Defendant has been on constructive and actual notice of Baylor's rights in its Interlocking BU at all relevant times.

42. Defendant's actions have caused and are causing Baylor irreparable harm for which there is no adequate remedy at law.

43. Defendant's actions complained of herein constitute infringement of Baylor's federally registered marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II: FEDERAL UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN

44. Baylor repeats the allegations above as if fully set forth herein.

45. Baylor has priority over Defendant based on its first use in commerce and/or the filing dates for its trademark applications, subsequently registered, that predate Defendant's use.

46. Defendant's use of an interlocking BU logo constitutes unfair competition.

47. Defendant's use of an interlocking BU logo in connection with the sale or offering of sale of goods and services is use in commerce of a false or misleading designation of origin that is likely to deceive, cause mistake or to cause confusion as to the association of Defendant's products and services with Baylor, or as to some nonexistent affiliation, sponsorship or approval.

48. Defendant has been on constructive and actual notice of Baylor's rights in its Interlocking BU at all relevant times.

49. Defendant's actions have caused and are causing Baylor irreparable harm for which there is no adequate remedy at law.

50. Defendant's actions complained of herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT III: TEXAS STATUTORY TRADEMARK INFRINGEMENT

51. Baylor repeats the allegations above as if fully set forth herein.

52. Baylor has priority over Defendant.

53. The acts of Defendant complained of herein constitute infringement of Baylor's marks that are registered in Texas, in violation of Texas Business and Commerce Code § 16.102.

### COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

54. Baylor repeats the allegations above as if fully set forth herein.

55. Baylor has priority over Defendant.

56. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### PRAYER

WHEREFORE, Baylor prays that:

a. Defendant, its agents, servants, employees, attorneys, and all other persons in active concert or participation with them, be permanently enjoined from using an interlocking BU mark and any other mark or design that is confusingly similar to Baylor's Interlocking BU, and from any attempt to retain any part of the goodwill misappropriated from Baylor;

b. Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and

destroy all goods, packaging, signage, advertisements, internet postings and advertisements, and any other materials bearing or using an interlocking BU mark;

  c. Defendant be ordered to file with this Court and to serve upon Baylor, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

  d. Baylor recover the costs of this action, and prejudgment and post-judgment interest; and

  e. Baylor recover such other relief as the Court may deem appropriate.

Respectfully submitted,

Dated: August 8, 2025

By: */s/ Wendy C. Larson*
Wendy C. Larson
Texas Bar No. 24055820
wlarson@pirkeybarber.com
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX  78702
(512) 322-5200
(512) 322-5201 (facsimile)

ATTORNEY FOR PLAINTIFF
BAYLOR UNIVERSITY