IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BAYLOR UNIVERSITY, § § Plaintiff, § § v. § § TRUSTEES OF BOSTON UNIVERSITY, § § Defendant. § | CIVIL ACTION NO. 6:25-cv-00352-ADA |

**DEFENDANT TRUSTEES OF BOSTON UNIVERSITY'S ANSWER AND
AFFIRMATIVE DEFENSES**

In accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Trustees of Boston University ("Boston University") answers Plaintiff Baylor University's ("Baylor") Complaint in corresponding numbered paragraphs as follows, in which any allegations not specifically admitted are denied:

**PARTIES**

1.  Boston University is without knowledge or information sufficient to admit or deny the allegations in paragraph 1 and therefore denies them.

2.  Admits.

**NATURE OF THIS ACTION - JURISDICTION OF THE COURT**

3.  Admits.

4.  Paragraph 4 states legal conclusions to which no response is required.

**FACTS**

**A.   Baylor and Its Interlocking BU Mark**

5.  Boston University is without knowledge or information sufficient to admit or deny the allegations in paragraph 5 and therefore denies them.

6. Boston University is without knowledge or information sufficient to admit or deny the allegations in paragraph 6 and therefore denies them.

7. Boston University is without knowledge or information sufficient to admit or deny the allegations in paragraph 7 and therefore denies them.

8. Boston University is without knowledge or information sufficient to admit or deny the allegation set forth in paragraph 8 and therefore denies it.

9. Boston University is without knowledge or information sufficient to admit or deny the allegations in paragraph 9 and therefore denies them.

10. Boston University is without knowledge or information sufficient to admit or deny the allegations in paragraph 10 and therefore denies them.

11. Boston University is without knowledge or information sufficient to admit or deny the allegations in paragraph 11 and therefore denies them.

12. Boston University is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12 and therefore denies them.

13. Denies.

14. Denies.

15. Boston University is without knowledge or information sufficient to admit or deny the allegations in paragraph 15 and therefore denies them.

16. Boston University is without knowledge or information sufficient to admit or deny the allegations in paragraph 16 and therefore denies them.

**B.     Defendant and its Marks**

17. Admits.

18. Boston University admits that its initials are "BU," and that it has used those initials side by side and in interlocking configurations. Boston University denies that it has primarily used

stylized marks that display the letters side-by-side, and is without knowledge or information sufficient to admit or deny the allegation that "Baylor does not object to Boston University's stylized marks that display the initials side-by-side" and therefore denies that allegation.

19. Denies.

### C. Defendant's Opposition and the Parties' Agreement

19 (second occurrence). Boston University admits the allegations in the first two sentences of paragraph 19 (second occurrence) and that the parties entered a coexistence agreement in 1988, but denies that the agreement concerned separate "respective uses" as alleged in the third sentence of paragraph 19 (second occurrence). Further answering, Boston University states that the Agreement (attached as Exhibit A) addresses use of the "same mark," specifically "Boston University's use of the mark 'BU' in connection with goods and services associated with Boston University and Baylor University's use of the same mark in connection with goods services associated with Baylor University."

20. Boston University refers to the Agreement for its terms and otherwise denies the allegations in paragraph 20.

21. Denies.

22. Admits.

### D. Defendant's Infringing Acts

23. Denies.

24. Denies.

25. Admits.

26. Boston University admits, consistent with the terms of the Consent Agreement, its continued use over decades of the interlocking BU mark on various products, a few of which are shown in paragraph 26, but otherwise denies the allegations in paragraph 26.

27. Boston University admits to its past and current use of the interlocking BU mark in connection with its club sports and otherwise, and that examples of such uses are shown in paragraph 27.

28. Denies.

29. Denies.

30. Denies.

31. Boston University admits that it is not affiliated with or sponsored by Baylor. Boston University otherwise denies the allegations in paragraph 31.

32. Denies.

**E.  Effect of Defendant's Activities**

33. Denies.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

38. Boston University incorporates each of the foregoing paragraphs as though fully set forth here.

39. Denies.

40. Denies.

41. Denies.

42. Denies.

43. Denies.

## COUNT II: FEDERAL UNFAIR COMPETITION &

## FALSE DESIGNATION OF ORIGIN

44. Boston University incorporates each of the foregoing paragraphs as though fully set forth here.

45. Denies.

46. Denies.

47. Denies.

48. Denies.

49. Denies.

50. Denies.

## COUNT III: TEXAS STATUTORY TRADEMARK INFRINGEMENT

51. Boston University incorporates each of the foregoing paragraphs as though fully set forth here.

52. Denies.

53. Denies.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

54. Boston University incorporates each of the foregoing paragraphs as though fully set forth here.

55. Denies.

56. Denies.

## AFFIRMATIVE DEFENSES

Boston University asserts the following defenses without assuming the burden of proof where such burden is lawfully held by Baylor. Boston University reserves the right to withdraw,

amend and/or supplement its defenses, including without limitation based upon information learned through investigation or the discovery process, or as otherwise warranted.

**First Affirmative Defense**

Baylor's claims for relief are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

**Second Affirmative Defense**

Baylor's claims for relief are barred, in whole or in part, by the parties' 1988 coexistence agreement (the "Agreement", attached as Exhibit A), in which the parties expressly addressed their uses of "BU" and consented to their respective uses of the "same mark." As such, Boston University is contractually authorized to undertake the actions complained of.

**Third Affirmative Defense**

Baylor has breached its contractual obligation to permit Boston University's coexisting use as stated in the Agreement, which states "Boston University and Baylor University believe it is unlikely the public will be confused by their respective uses of the *same mark* and hereby consent each to the other's use of the mark." Exhibit A, at 2 (emphasis added).

**Fourth Affirmative Defense**

Baylor's claims for relief are barred, in whole or in part, because Baylor does not hold exclusive rights to the interlocking BU mark.

### Fifth Affirmative Defense

The complained marks do not cause and are not likely to cause confusion.

### Sixth Affirmative Defense

Baylor's claims for relief are barred, in whole or in part, because there is no likelihood that Boston University's use of the interlocking mark would cause confusion.

### Seventh Affirmative Defense

Baylor's claims for relief are barred, in whole or in part, on the basis that Baylor did not suffer any irreparable harm as a result of Boston University's alleged conduct.

### Eighth Affirmative Defense

Baylor's claims seeking injunctive relief are barred, in whole or in part, because there is no legitimate basis to warrant the destruction of Boston University's goods, packaging, signage, advertisements, internet postings, and any other materials bearing or using the interlocking BU mark.

### Ninth Affirmative Defense

The Complaint and each cause of action fail to state a claim upon which relief may be granted. The Complaint is legally and factually insufficient and must be dismissed.

### Tenth Affirmative Defense

Baylor's claims seeking the costs of this action have no basis in fact or law and should be denied. Additionally, the Agreement states that "[e]ach University shall be solely responsible to file at its own expense infringement actions or other actions[.]" Exhibit A, at 3.

**Eleventh Affirmative Defense**

Baylor's claims are barred, in whole or part, by the equitable doctrine of acquiescence, based on Baylor's conduct regarding Boston University's use of the allegedly infringing mark, which conduct was prejudicial to Boston University.

**Twelfth Affirmative Defense**

Baylor's claims are barred, in whole or part, by the equitable doctrine of estoppel and laches, based on Baylor's unreasonable delay in challenging the alleged infringement, which delay was prejudicial to Boston University.

**Thirteenth Affirmative Defense**

Baylor's claims are barred, in whole or part, by the equitable doctrine of unclean hands, based on Baylor's conduct regarding Boston University's use of the allegedly infringing mark, which conduct was prejudicial to Boston University.

                                                                Respectfully submitted,

Dated: December 11, 2025

                                                     By: */s/ John J. Cotter*
John J. Cotter *(pro hac vice)*
MA Bar No. BBO554524
David J. Byer *(pro hac vice)*
MA Bar No. BBO544411
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114
Tel. (617) 261-3178
Fax (617) 261-3175
John.Cotter@KLGates.com
David.Byer@KLGates.com

Henry Pogorzelski
TX Bar No. 24007852
K&L Gates LLP
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel.: (512) 482-6800
Fax: (512) 482-6859
Henry.Pogorzelski@KLGates.com

***ATTORNEYS FOR DEFENDANT***
***TRUSTEES OF BOSTON UNIVERSITY***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed with the Clerk of the Court on December 11, 2025, using the CM/ECF System, which will send notification of such filing to all registered ECF users, including all attorneys of record.

*/s/ John J. Cotter*
John J. Cotter
